# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

November 6, 2008

Jess M. Collen
Collen IP
80 South Highland Avenue
Ossining, New York 10562

    (*Attorney for Plaintiff*)

Volodymyr Piven
112 Sunrise Drive
Edison, New Jersey 08817

    (*Pro Se Defendant*)

    RE:    Omega S.A. et al. v. Giftland Co. et al.
            Civ. No. 06-4580 (WJM)

Dear Counsel:

    Plaintiffs Omega S.A. and The Swatch Group move for reconsideration of this Court's denial of their summary judgment motion.  In support of their motion for reconsideration, Plaintiffs have submitted new evidence, addressing Defendant Volodymyr Piven's participation in the sale of counterfeit Omega watches.  Defendant Piven has not filed a response.  As a result of this new evidence, the motion for reconsideration should be **GRANTED**, and upon reconsideration, Plaintiffs' motion for summary judgment should be **GRANTED** as well.

I.  **FACTS AND PROCEEDINGS**

Since the facts of this litigation are well-known to the parties, the Court here makes only a cursory outline of the factual and procedural history of this case.

Omega and Swatch initiated this action in December 2003 against numerous defendants alleged to have engaged in a scheme to sell unauthorized Omega replica watches on various websites – including www.replicaland.com, which is owned by Defendant Giftland.  Plantiffs brought five claims in their Complaint: (1) trademark infringement and counterfeiting (Counts One and Five); (2) unfair competition (Count Two); (3) false designation of origin (Count Three); and (4) dilution (Count Four). Only Defendant Piven appeared to defend this action.

On February 25, 2005, Omega and Swatch filed a motion for summary judgment and a motion for civil contempt against Defendant Piven for violating a temporary restraining order issued by this Court.  Piven was found in civil contempt, and the Court ordered that Piven provide Plaintiffs with certain business records relating to the counterfeit activities conducted at the website www.replicaland.com.  On July 20, 2005, in response to this court order, Piven produced copies of his corporate tax returns from 2002, 2003, and 2004.

Three weeks later, the Court denied Plaintiffs' summary judgment motion. Plaintiffs then moved for reconsideration.  Shortly thereafter, Defendant Piven filed for bankruptcy protection under Chapter 7, and an automatic stay was imposed on the pending reconsideration motion.  After Piven obtained a discharge, Plaintiffs filed a motion to have this Court reopen the instant matter, which was granted on May 20, 2008.

II.  **DISCUSSION**

In their motion for reconsideration, Plaintiffs make two main arguments: (1) new evidence exists which should be factored into the Court's summary judgment analysis, and (2) the Court's holding that Piven was not a central figure in the counterfeit operation scheme will cause manifest injustice.

   A.  **Motion for Reconsideration**

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F.Supp.2d 349,

352 (D.N.J. 2001). A motion under Rule 7.1(i) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Plaintiffs have appended new evidence to their motion for reconsideration that was unavailable when they briefed their summary judgment motion – namely, the corporate tax returns for R.Land from 2002-2004. *See Joyce v. Sea Isle City*, 2008 WL 2875456, at *1 (D.N.J. July 23, 2008) ("A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.") These corporate tax returns, filed by Defendant Piven with this Court on July 20, 2005, are new evidence, germane to the issue of whether Piven was a knowing and active participant in the sale of Omega watches at www.replicaland.com. As such, the Court grants Plaintiffs' motion for reconsideration.[1]

### B. Analysis

Upon reconsideration, Plaintiffs' motion for summary judgment now should be granted. Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." Id. at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing

---

[1] Since the Court grants Plaintiffs' motion for reconsideration based on the submission of new evidence, the Court will not address Plaintiffs' other stated grounds for reconsideration.

that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. No issue for trial exists unless the non-moving party can demonstrate sufficient evidence favoring it such that a reasonable jury could return a verdict in that party's favor. *Id.* at 249.

The Court's main concern in deciding the summary judgment motion was Defendant Piven's level of knowledge and involvement in Giftland Co.'s replica business. In denying Plaintiff's summary judgment motion, this Court held that the "key factual issue on this motion is whether Piven: (1) knowingly and actively participated as a moving force in the decision to engage in the sale of counterfeit Omega watches at www.replicaland.com; or (2) knowingly and actively caused the sale of counterfeit Omega watches at www.replicaland.com as a whole to occur." Letter Op. at 7.

In finding a material issue of fact as to Piven's knowing and active participation in the purported counterfeiting scheme, the Court cited Piven's sworn statements about his limited role in the logistical operation of www.replicaland.com (and its parent, Giftland), as well as his limited understanding of what was being sold on the website. The tax returns, however, demonstrate that Piven's statements regarding his connection with Giftland and www.replicaland.com were misleading. While Piven contended that he simply cashed checks for Giftland in his business account without any other involvement in Giftland's business, *see* Leitner Aff. Ex. 8 at 60, the newly-available tax returns tell another story.

In the 2002-2004 tax returns, R.Land describes its business to be "sales of accessories." Pl. Mot. for Reconsideration, Exs. A, B, C. This contradicts Piven's earlier sworn assertions that R.Land's business interests were limited to check cashing. In addition, Plaintiffs argue in their summary judgment motion that R.Land accepted payment for fake Omega watches ordered though www.replicaland.com. Plaintiffs submitted the declaration of a private investigator, Cole, who attested that he bought a fraudulent Omega watch on www.replicaland.com and was instructed by the website to submit payment in the form of a check to "R.Land Co." Leitner Aff. Ex. 1 ¶ 15.

While Piven's assertion that he was simply cashing checks may have cast doubt on whether he was aware of the nature of the checks that he was cashing – i.e. payments for counterfeit watches – the submission of the tax returns dispels that doubt. Now, Plaintiffs have demonstrated that Piven's business was not simply limited to check-cashing, as Piven alleged. Instead, he was involved in the sale of these watches. Therefore, Plaintiffs have established that Piven was a knowing and active participant in the sale of

Omega watches at www.replicaland.com, and no material issue of fact exists.

Beyond demonstrating Piven's knowing and active participation, Plaintiffs have presented evidence that satisfies the three part test for their trademark infringement, trademark counterfeiting, unfair competition, and false designation of origin claims. To establish these claims, Plaintiffs were required to show that: (1) the marks are valid and legally enforceable; (2) they own the marks; and (3) Defendant's use of the marks to identify goods is likely to create confusion as to the origin of the goods or services. *See Checkpoint Sys., Inc. v. Check Point Software Tech., Inc.*, 269 F.3d 270, 279–80 (3d Cir. 2001) (setting forth elements of trademark infringement and unfair competition); *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472–73 (3d Cir. 1994) (observing that factors relevant to unfair competition and false designation of origin claims under 15 U.S.C. § 1125 "essentially the same" as those relevant to trademark infringement claim under 15 U.S.C. § 1114) (citation omitted).

The three parts of this test are satisfied. Since the marks are registered, they are presumed valid and enforceable. 15 U.S.C. § 1057. In addition, the Third Circuit has held that there is a great likelihood of confusion when a trademark is used concurrently by two parties, as happened here. *See S&R Corp v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) (concurrent use of the same trademark is "highly likely to cause consumer confusion about [the defendant's] affiliation with the franchise"); *Opticians Ass'n v. Indep. Opticians*, 920 F.2d 187, 195 (3d Cir. 1990) ("likelihood of confusion is an inevitable result of the concurrent use" of marks); *United States Jaycees v. Phila. Jaycees*, 639 F.2d 134, 142 (3d Cir. 1981) ("there is great likelihood of confusion where an infringer uses the exact trademark, in this case 'Jaycees'"). As such, there are no genuine material facts in dispute regarding the trademark infringement, trademark counterfeiting, unfair competition, and false designation of origin claims. Since Plaintiffs can establish the prima facie elements, summary judgment is granted as to these counts.

In addition, Plaintiffs have established the five elements necessary for their dilution claim. Under the Federal Trademark Dilution Act of 1995, Plaintiffs must establish: (1) ownership of a mark that qualifies as a "famous" mark in light of the eight factors listed in 15 U.S.C. § 1125(c)(1); (2) that Defendant is making commercial use in interstate commerce of the mark or trade name; (3) that Defendant's use began after the mark became famous; and (4) Defendant's use causes dilution by lessening the capacity of the mark to identify and distinguish goods or services. *Times Mirror Magazines, Inc. v. Las Vegas Sporting News, L.L.C.*, 212 F.3d 157, 163 (3d Cir. 2000).

There is no material fact in dispute regarding the famousness of the Omega mark. Plaintiffs have demonstrated that the mark is registered, well-advertised, and known in the watch trade. Further, the infringing use is commercial and began after the Omega mark

became famous.  Dilution can be established since the junior and senior marks are identical – here the junior mark is an unauthorized copy of the senior mark.  Again, there is no material fact in dispute, and as such, dilution by blurring is established.  *See Times Mirror*, 212 F.3d at 168 ("Blurring occurs when the defendant's use of [the] mark causes the public to no longer associate the plaintiff's famous mark with its goods or services; the public instead begins associating both the plaintiff and the defendant with the famous mark.").  Therefore, Plaintiffs' summary judgment motion is granted.

### III.  CONCLUSION

For the foregoing reasons, Plantiffs' motion for reconsideration is **GRANTED**, as is Plaintiffs' motion for summary judgment.

      /s/ William J. Martini
**William J. Martini, U.S.D.J.**