

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
  JUDGE

## LETTER OPINION

May 7, 2009

Jess M. Collen
Collen IP
80 South Highland Avenue
Ossining, New York 10562
 (*Attorney for Plaintiffs*)

Volodymyr Piven
112 Sunrise Drive
Edison, New Jersey 08817
 (*Pro Se Defendant*)

  RE: <u>Omega S.A. et al. v. Giftland Co. et al.</u>
     <u>Civ. No. 03-5808 (WJM)</u>

Dear Counsel:

  This matter comes before the Court on the motion for a permanent injunction and statutory damages filed by Plaintiffs Omega S.A. and The Swatch Group (US) Inc.  There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiffs' motion is **GRANTED**.

I. BACKGROUND

  In December 2003, Plaintiffs filed suit against numerous defendants alleged to have engaged in a scheme to sell unauthorized Omega replica watches on the internet. The website used to sell the imitation watches was www.replicaland.com, which is owned by Defendant Giftland.  Plaintiffs brought five claims in their Complaint: (1) trademark

infringement and counterfeiting (Counts One and Five); (2) unfair competition (Count Two); (3) false designation of origin (Count Three); and (4) dilution (Count Four).  Only Defendant Volodymyr Piven appeared to defend this action.

On February 25, 2005, Omega and Swatch filed a motion for summary judgment and a motion for civil contempt against Defendant Piven for violating a temporary restraining order issued by this Court.  Piven was found in civil contempt, and the Court ordered that Piven provide Plaintiffs with certain business records relating to the counterfeit activities conducted at the website www.replicaland.com.  On July 20, 2005, in response to this court order, Piven produced copies of his corporate tax returns from 2002, 2003, and 2004.

Three weeks later, the Court denied Plaintiffs' summary judgment motion, finding that Plaintiffs failed to prove that Defendant Piven was a knowing and active participant in the counterfeiting scheme.  Plaintiffs then moved for reconsideration.  Shortly thereafter, Defendant Piven filed for bankruptcy protection under Chapter 7, and an automatic stay was imposed on the pending reconsideration motion.  After Piven obtained a discharge, Plaintiffs filed a motion to have this Court reopen the instant matter, which was granted on May 20, 2008.

This Court then granted Plaintiffs summary judgment on all counts in their complaint on November 6, 2008, based on the "newly discovered" tax returns. These tax returns demonstrate Piven's knowing participation by showing that he derived income from R.Land Co., which was the entity to whom buyers of fake merchandise on www.replicaland.com were directed to provide payment.

Now, following the Court's November 2008 ruling on liability, Plaintiffs seek a permanent injunction to bar Defendant Piven from selling Omega watches.  In addition, Plaintiffs both seek to have statutory damages imposed against Piven under the Lanham Act and to have Piven's bank accounts unfrozen.  Plaintiffs' motion is unopposed.

**II.    DISCUSSION**

    **A.    Permanent Injunction**

Under the Lanham Act, the Court has the authority to grant injunctive relief to prevent further violations of a plaintiff's trademark rights. 15 U.S.C. § 1116. To obtain a permanent injunction, Plaintiffs must show that (1) the Court's exercise of equity jurisdiction is proper, (2) they succeeded on the merits, and (3) the balance of equities tips in favor of injunctive relief.  *See Roe v. Operation Rescue*, 919 F.2d 857, 868 n.8 (3d Cir.

1990).  To satisfy the first factor of this test, Plaintiffs must show that: (1) they have no adequate legal remedy; (2) the threatened injury is real and not imagined; and, (3) no equitable defenses exist.  *See id.*

Plaintiffs have satisfied this three-part test for a permanent injunction.  First, Plaintiffs have demonstrated that the Court's exercise of equity jurisdiction is proper. In the reconsideration opinion, this Court granted Plaintiffs summary judgment on their trademark infringement, unfair competition, false designation of origin, and dilution counts.  *See* November 2008 Letter Opinion at 5-6; Docket No. 85.  Each of these causes of action requires a showing that use of the counterfeit marks creates confusion or causes dilution by lessening the capacity of the mark to identify and distinguish goods or services.  *See id.*  As such, Plaintiffs have shown both that they have no adequate legal remedy and that the threatened injury is real.  Further, Defendant Piven has not raised any equitable defenses, nor can the Court think of any which would apply in this context.  As such, Plaintiffs have satisfied the first prong of the permanent injunction test.

The final two prongs are satisfied as well.  In November, this Court granted Plaintiffs summary judgment on all counts in their complaint.  *See id.*  Accordingly, Plaintiffs have shown their success on the merits.  Finally, the balance of the equities weighs in favor of granting injunctive relief.  The only conceivable purpose behind Defendant Piven's knowing participation in the operation of R. Land, Inc. and the sale of counterfeit goods was to profit from Plaintiffs' well-established reputation.  Since this illegal conduct does not serve a legitimate purpose and harms the public interest, the balance of equities weighs strongly in favor of granting injunctive relief.  Accordingly, the Court will grant Plaintiffs' request to enjoin Defendant Piven from selling, marketing, or promoting items bearing Plaintiffs's marks.

  **B.** **Lanham Act Damages**

Plaintiffs also request statutory damages pursuant to 15 U.S.C. § 1117(c). This provision of the Lanham Act permits the Court to award statutory damages for a willful infringement of not less than $500 and not more than $1,000,000 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1).  The amount of the award is committed to the Court's discretion.  *See Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D.Pa. 2002) ("In the absence of clear guidelines for setting a statutory damage award, courts have tended to use their wide discretion to compensate plaintiffs, as well as to deter and punish defendants ...").

Statutory damages serve the dual purposes of compensation and deterrence as "they compensate the plaintiff for the infringement of its copyright; and they deter future

infringements by punishing the defendant for its actions." *Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2005 WL 67077, at *8 (E.D.Pa. Jan. 11, 2005). When determining the appropriate amount of statutory damages, courts consider: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." *Broad. Music, Inc. v. Golden Horse Inn Corp.*, 709 F.Supp. 580, 581 (E.D.Pa.1989), *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 465 (E.D.Pa.1987). Because several of the factors are difficult to monetize, the defendant's intent and behavior are the foremost consideration. *Id.* at 465.

In order to award the maximum $1 million award, the defendant's willful conduct must have included an "aura of indifference to plaintiff's rights" or a "deliberate and unnecessary duplicating of a plaintiff's mark ... in a way that was calculated to appropriate or otherwise benefit from the good will the plaintiff had nurtured." *SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3d Cir.1999).

Here, while the infringement was clearly willful, an award of $1,000,000 per mark appears to be disproportionate to the harm that has been demonstrated by Plaintiffs as a result of Defendant Piven's conduct. In fact, Plaintiffs' papers present no attempt to quantify Defendant Piven's profits or otherwise establish the harm that they have suffered. Instead, Plaintiffs make only a very cursory argument in favor of receiving this massive award. Given that no amount of harm has been quantified by Plaintiffs, the Court is reluctant to levy an $8,000,000 judgment against Defendant Piven. Instead, the Court in its discretion holds that Plaintiffs shall be awarded $10,000 per trademark, or $80,000 total in statutory damages.[1]

---

[1] On December 16, 2003, this Court granted Plaintiffs' request to freeze two checking accounts in Defendant Piven's name. Plaintiffs now seek to have those accounts unfrozen in partial satisfaction of this Court's judgment against Defendant Piven. The first checking account contains $2,914.79 and the second has $79.33. *See* Pls.' Mot. Ex. A. Since no arguments to the contrary have been raised, Plaintiffs' request is granted.

**III.     CONCLUSION**

    For the foregoing reasons, Plaintiffs' motion is **GRANTED**.  An appropriate Order accompanies this Letter Opinion.

/s/ William J. Martini<br>
**William J. Martini, U.S.D.J.**